IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARQUS PATTON,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director of Nebraska Department of Correctional Services; TODD WASMER, Warden of Tecumseh State Correctional Institute; and DOUG PETERSON, Nebraska Attorney General;<br><br>Respondents. | 8:20CV504<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of Marquis Patton's Petition for a Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 (Filing No. 1). Under § 2254, a district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct an initial review of the petition and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court does not summarily dismiss the petition, it "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order." *Id.*

On November 13, 2012, a Nebraska jury found Patton guilty of murder in the first degree (Count I), and Use of a Deadly Weapon, a firearm, to commit a felony (Count II). Patton was sentenced on Count I to life imprisonment and on Count II to a mandatory

1

minimum of 5 years to a maximum of 15 years, consecutive to the sentence imposed on Count I. He filed a direct appeal to the Nebraska Supreme Court and his sentence was affirmed. Patton then filed a timely Motion for Postconviction relief in the District Court of Douglas County Nebraska pursuant to Neb. Rev. Stat. § 29-3001. After an evidentiary hearing, the court denied his motion for postconviction relief. Patton timely appealed that ruling to the Nebraska Supreme Court. The Nebraska Supreme Court granted the State's Motion for Summary Affirmance.

On December 9, 2020, Patton petitioned this Court for a writ of habeas corpus. Filing No. 1. As for the grounds for his petition, Patton raises a challenge under *Brady v. Maryland*, 373 U.S. 83 (1963), in which United States Supreme Court stated that due process requires that the prosecution disclose all favorable evidence to the defendant. Impeachment evidence as well as exculpatory evidence, falls within the *Brady* rule. *See United States v. Bagley*, 473 U.S. 667, 676 (1985). Patton argues a *Brady* violation, claiming that the trial judge erroneously prevented him from presenting evidence to refute the State's two primary witnesses' testimony that no deals has been made and that they merely hoped for favorable treatment. He sought to present testimony of the witnesses' attorneys about plea negotiations showing that that tacit agreements had been reached, thus undermining the witnesses' credibility.

The Court has initially reviewed Patton's petition and supporting documentation and finds that summary dismissal is not warranted at this time. Accordingly,

IT IS ORDERED:

1. The Clerk of Court shall serve copies of this order and the petition to the respondents and the Nebraska Attorney General.

2. The respondents shall file an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases, or other response within 21 days of the date of this order.

3. The petitioner shall file any reply within fourteen days of the filing of the respondents' answer or response.

Dated this 22nd day of April 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge